UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS (Dkt. 20)

## I.  INTRODUCTION

On June 1, 2015, plaintiff Jehan Zeb Mir, M.D. ("Mir" or "plaintiff") filed this action against defendants (1) Frandzel, Robin, Bloom, Csato, LC, a law firm, and Peter Csato, Bob Benjy, and Eleane Pang, in their individual capacities (collectively, "FRBC"); and (2) Iungerich & Spackman, a law firm, as well as its principals, Russel Iungerich and Paul Spackman, in their individual capacities (collectively, "I&S").  Dkt. 1 (Compl.)  The complaint asserts claims for (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; (2) intentional interference with contractual rights under 42 U.S.C. § 1981; (3) violation of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, et seq.; (4) judicial estoppel and accounting, (5) malicious prosecution, and (6) intentional infliction of emotional distress.

On October 13, 2015, FRBC filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 20 ("Motion").  On November 6, 2015, I&S joined FRBC's motion to dismiss.  Dkt. 36.  Between October 2015 and January 2016, plaintiff was granted numerous extensions of time to file an opposition to defendants' motion to dismiss.  See Dkt. 31(October 28, 2015 extension), 46 (November 18, 2015 extension), 56 (January 14, 2016 extension).  Following the Court's denial of plaintiff's fourth request for an extension of time to respond to the instant motion, dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

60, plaintiff filed his opposition on February 8, 2016. Dkt. 62 ("Opp'n"). On February 11, 2016, defendants filed a reply. Dkt. 63 ("Reply").[1]

## II. BACKGROUND

Plaintiff's complaint spans 47 pages and 171 paragraphs. Here, the Court recites only those alleged facts relevant to its decision on the instant motion to dismiss.

In 1985, plaintiff, a gastroenterologist, was terminated from his position at a hospital. Compl. at ¶ 16. In connection with his appeal of his termination, plaintiff retained defendant I&S on a fee-for-service basis, and ultimately prevailed. Id. at ¶¶ 18-20. In 1992, I&S represented plaintiff in a suit ("the 1992 lawsuit") against the hospital for lost income as a result of that termination, again on a fee-for-service basis. Id. at ¶¶ 21-22. This suit ended in a judgment adverse to plaintiff. Id. at ¶ 41.

In 2001, plaintiff filed suit against I&S for legal malpractice arising from the 1992 lawsuit ("Mir v. I&S"). Id. at ¶ 44. I&S filed a counterclaim for $58,000 in unpaid attorneys' fees. Id. Plaintiff and I&S engaged in settlement negotiations, which produced a handwritten document entitled "Settlement Terms" that contemplated a payment by I&S of $45,000 to settle the malpractice suit, without mention of the unpaid attorneys' fees. Id. at ¶¶ 47-48. On September 19, 2001, I&S successfully moved to enforce the "Settlement Terms," resolving the malpractice case. Id. at ¶ 56. Plaintiff contends this was error by the state court. Id. at ¶ 57. On March 1, 2003, the state court awarded I&S $85,147,06 in attorneys' fees plus interest and costs. Id. at ¶ 64. The award was increased to $100,897.06 on March 19, 2003. Id. at ¶ 65.

---

[1] The Court's final extension of time ordered plaintiff to file his opposition by February 4, 2016. Dkt. 56. Accordingly, as defendants note in their reply, plaintiff's filing of his opposition on February 8, 2016 was untimely and, pursuant to Local Rule 7-12, the Court may decline to consider plaintiff's opposition. See C.D. Cal. L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule."). Nonetheless, the Court considers plaintiff's untimely opposition in ruling on the instant motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

Plaintiff appealed the judgment in Mir v. I&S on May 16, 2003. Id. at ¶ 68. The judgment was affirmed and plaintiff was subsequently ordered to pay I&S an additional $76,909 in attorneys' fees for the appeal. Id. at ¶¶ 74, 87. On November 5, 2004, in attempt to collect on the judgment, I&S filed suit for fraudulent conveyance of a property that plaintiff sold in 2001. Id. at ¶ 79. The suit was eventually settled when plaintiff agreed to pay I&S $35,000. Id. at ¶ 89. Further collection efforts continued in state court over the following decade. Id. at ¶¶ 104-112.

In or around early 2013, I&S retained FRBC to assist its collection efforts, and on March 15, 2013, I&S filed a motion in state court to renew the judgment in the amount of $438,594.16 (the "Renewal of Judgment"). Id. at ¶ 104. Plaintiff moved to set aside and vacate the renewal of judgment on the grounds that I&S and FRBC had (1) improperly failed to credit the $35,000 settlement in the fraudulent conveyance action, (2) compounded interest upon interest, (3) unlawfully applied the Mir v. I&S $45,000 to interest instead of principal, (4) included costs to which they were not entitled, and (5) failed to account for payouts from I&S's malpractice insurance. Id. at ¶ 117. On May 31, 2013, the state court found for plaintiff only on the failure to credit the $45,000 settlement, and entered judgment in the amount of $408,610.60. Id. at ¶¶ 132-138. The state court, in addition to entering the judgment, asked I&S and FRBC to enter a new judgment *nunc pro tunc* (having retroactive effect) in the adjusted amount. Id. at ¶ 138. I&S and FRBC filed the *nunc pro tunc* judgment on June 13, 2013. Id. at ¶ 144. The court subsequently entered the judgment *nunc pro tunc* to February 14, 2013. Id. at ¶¶ 144-47.

Plaintiff appealed the state court's decision, including the entry of judgment *nunc pro tunc*, to the California Court of Appeal. Id. at ¶¶ 166-68. On January 29, 2015, the Court of Appeal affirmed the judgment in the amount of $408,610.60, but found the trial court's "use of the *nunc pro tunc* procedure [to be] improper," explaining that "the *nunc pro tunc* procedure allows the trial court to correct clerical errors not, as here, to correct mistakes of the parties." Mir v. Iungerich & Spackman, No. B250393, 2015 WL 389634, at *4 (Cal. Ct. App. Jan. 29, 2015), as modified on denial of reh'g (Feb. 10, 2015), reh'g denied (Feb. 18, 2015), review denied (Apr. 15, 2015).

On May 29, 2014, while plaintiff's appeal before the California Court of Appeal was still pending, plaintiff filed an action in the United Stated District Court for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

Central District of California against defendants FRBC, I&S, as well as I&S's former counsel, Greines, Martin, Stein & Richland, LLP, and I&S's malpractice insurer, Westport Insurance Corp. See Mir v. Greines, Martin, Stein & Richland, et al., Case No. 14-cv-4132-CAS (C.D. Cal. filed May 29, 2014) ("the 2014 federal action"). In that action, plaintiff alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as various claims under federal civil rights statutes and California law. Id. Plaintiff argued that the defendants' conduct in attempting to obtain and enforce the Mir v. I&S judgment constituted fraud, infringement of his civil rights, and conspiracy.[2] Id. at 1-3.

The 2014 federal action was presided over by the undersigned and ultimately resolved on February 19, 2015, when this Court dismissed plaintiff's six federal claims under RICO and 42 U.S.C. §§ 1981, 1983, 1985, 1986, without leave to amend. See Case No. 14-cv-4132-CAS, at Dkt. 111 ("Dismissal Order"). The Court dismissed plaintiff's claims on two grounds: "First, because the claims are based on litigation

---

[2] Specifically, in the 2014 federal action, plaintiff asserted the following claims: (1) intentional interference with contractual rights, in violation of 42 U.S.C. § 1981, based upon defendants' alleged breach of the original I&S retainer agreement; (2) "conspiracy to double dip attorney fees," in violation of 42 U.S.C. § 1983, based upon defendant's alleged conduct regarding the earlier fraudulent conveyance proceedings; (3) "false invoicing," based upon defendants alleged use of false bills; (4) breach of fiduciary duty, based upon defendants' alleged failure to disclose an insurance payout; (5) "deceit," based upon defendants' filing of the *nunc pro tunc* order in state court; (6) extrinsic fraud, based upon defendants' alleged failure to disclose the insurance payment to the court; (7) civil malicious harassment, based upon defendants' alleged eighteen years of communications and levying of exorbitant attorneys' fees; (8) RICO violations, based upon defendants' alleged conspiracy to overcharge and attempt to collect attorneys' fees; (9) conspiracy to violate civil rights, in violation of 42 U.S.C. §§ 1985, 1986, based upon defendants' alleged overcharging plaintiff on the basis of his religion; (10) unjust enrichment, based upon defendants' alleged failure to credit two payments that plaintiff made on his debt; and (11) intentional infliction of emotional distress, based upon defendants' alleged collection efforts. See 2014 Federal Action First Amendment Complaint ("FAC") at ¶¶ 28-54.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'   JS-6

| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

activities that constitute First Amendment-protected petitioning of the government, they are barred by Noerr-Pennington immunity. [And second, even if] that were not the case, plaintiff fails to state any federal claim." Id. at 11. The Court declined to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff timely appealed the 2014 federal action, and the Ninth Circuit has yet to rule on plaintiff's appeal.

On June 1, 2015, plaintiff filed the instant action against only defendants FRBC and I&S. See Compl.

### III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. On such a motion, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (citing Twombly and Iqbal)). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

Defendants move for dismissal of this action on numerous grounds, including, as is most relevant to the Court's ruling here, the doctrine of claim preclusion (res judicata). Motion at 6. Specifically, defendants argue that plaintiff's 2014 federal action and the instant suit arise out of the same transactional nucleus of facts and that, accordingly, plaintiff's federal claims in this suit are barred by claim preclusion. Id. at 2. For the reasons articulated in the discussion that follows, the Court concludes that plaintiff's federal claims are barred by the doctrine of claim preclusion and are accordingly dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

### A.     The Doctrine of Claim Preclusion Bars Plaintiff's Federal Claims

Under the federal doctrine of claim preclusion, or res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 93 (1980). "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 327 (9th Cir. 1995).

In order for the Court's dismissal with prejudice of plaintiff's 2014 federal action to have preclusive effect here, the adjudication must have (1) involved the same "claim" as this suit; (2) have reached a final judgment on the merits; and (3) have involved the same parties or their privies. Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971); Nordhorn v. Ladish Co., Inc., 9 F.3d 1402 (9th Cir. 1993). In conducting claim preclusion analysis, "[t]he fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated [in the previous action]. . . . Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding *if the claims could have been brought in the earlier action.*" Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077–78 (9th Cir. 2003) (emphasis added).

### 1.     Final Judgment on the Merits and Identity of Parties

As an initial matter, the Court notes that the second and third elements of the claim preclusion analysis are easily satisfied here: the 2014 federal action (1) ended in a judgment on the merits of plaintiff's federal claims in that case, and (2) included as defendants both of the parties that are named as defendants here. Specifically, (1) the Court's dismissal with prejudice of plaintiff's federal claims in the 2014 federal action reached the merits of these claims and therefore operates as a judgment on the merits, see Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal . . . operates as an adjudication on the merits."); Leon v. IDX Sys. Corp., 464 F.3d 951, 962 (9th Cir. 2006) ("A dismissal with prejudice is a determination on the merits"); and (2) there is no dispute that all defendants here were defendants in the 2014 federal action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

### 2. Similarity of Claims

In the Ninth Circuit, courts determine whether or not two claims are the same for purposes of claim preclusion based upon the following criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (quoting Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir. 1980)). The last of these criteria regarding the same transactional nucleus of facts is "the most important." Constantini, 681 F.2d at 1202.

The instant action and the 2014 federal action undoubtedly arise out of the same "transactional nucleus of facts," as the complaint here and the operative complaint in the 2014 federal action are nearly identical.[3] Indeed, plaintiff himself alleges that his 2014 federal action is "based on the same nucleus of operative facts as alleged in this Complaint except [for the additional] facts based on the opinion of the California Court of Appeal [in a January 25, 2015 decision]." Compl. at 34 n.2. As plaintiff alleges, the only new facts in the operative complaint here involve the California Court of Appeal's January 29, 2015 decision reversing the lower court's procedural error related to a *nunc pro tunc* entry of renewal of judgment, as well as the California Supreme Court's denial of plaintiff's petition for review. See Compl. ¶¶ 169-71. And while some of the specific claims pled in this action differ from those pled in the 2014 federal action, these

---

[3] For example, paragraphs 12 through 66 of the operative complaint's "Foundational Allegations" appear to be transferred nearly verbatim from paragraphs 40 through 94 of the FAC in the 2014 federal action. Similarly, paragraphs 67 through 165 of the complaint here appear to allege the same set of facts as those alleged in paragraphs 95 through 195 of the FAC in the 2014 federal action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

differences do not save plaintiff's federal claims from being barred by claim preclusion, as explained below.

### a. Plaintiff's FDCPA Claim

Plaintiff did not state a claim for violation of the FDCPA in either the original complaint or the FAC in his 2014 federal action. Nevertheless, claim preclusion still bars plaintiff's FDCPA claim here if plaintiff *could have* asserted this claim (based upon the same facts alleged in the operative complaint here) in the 2014 federal action. See Constantini, 681 F.2d at 1201 (noting that "doctrine of res judicata (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action'") (citation omitted). Where, as here, two actions appear not to state identical claims, courts in the Ninth Circuit apply a "transaction test" to determine whether two suits share a common nucleus of facts. Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005). Satisfying this test depends on whether the events "are related to the same set of facts and whether they could conveniently be tried together." Id. (quoting Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992)); see also Durney v. WaveCrest Laboratories LLC, 441 F. Supp. 2d 1055 (N.D. Cal. 2005) (finding a common nucleus of facts in a complaint that alleged "conduct which occurred contemporaneously" with a prior suit).

As noted above, the facts alleged in this case and in the 2014 federal action are nearly identical, and there is nothing to suggest that plaintiff could not have raised his FDCPA claim in the 2014 federal action. Specifically, plaintiff alleges in the operative complaint here that the following actions give rise to his FDCPA claim: (1) defendants placed an involuntary lien on plaintiff's property in February 2013, Compl. at ¶ 172(a); (2) defendants filed applications to renew judgment in state court, in incorrect amounts, in June 2013, id.; (3) defendants filed a "false document" in state court, the *nunc pro tunc* renewal of judgment, id. at ¶ 172(d); (4) defendants made a false police report for fraudulent conveyance, sometime in 2006, id. at ¶ 102; (5) defendants generally misrepresented or miscalculated the amount plaintiff owed, id. at ¶ 172(e)-(g); and (6) defendants improperly charged attorneys' fees throughout the proceedings to enforce the judgment, id. at ¶ 172(h)-(j). Notably, all of this alleged conduct occurred before May 29, 2014, the date on which plaintiff filed the 2014 federal action. More importantly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

plaintiff's FAC in the 2014 federal action essentially pled all of these same underlying facts, each of which involves defendants' attempt—including defendants' 2013 *nunc pro tunc* renewal of judgment—to collect *the very same debt that is the subject of the instant action and that forms the basis of plaintiff's FDCPA claim here*. See, e.g., 2014 Federal Action FAC at ¶¶ 173, 265-269.[4]

     Plaintiff appears to argue against this conclusion on the ground that the California Court of Appeal's January 29, 2015 decision in Mir v. I&S independently gives rise to his FDCPA claim in this suit and prohibits the application of claim preclusion here. See Opp'n. at 5. However, the Court of Appeal's decision presents no new "fact" that might save plaintiff's claim from being barred. The Court of Appeal found against plaintiff on every issue but one, explaining that when the trial court directed FRBC and I&S to file a retroactive application for renewal of judgment, the state court's "use of the *nunc pro tunc* procedure was improper." Mir v. Iungerich & Spackman, 2015 WL 389634 at *4. In his opposition, plaintiff appears to misconstrue the scope and impact of the Court of Appeal's ruling, arguing that the Court of Appeal's decision "left no other order renewing judgment in the correct amount within ten years of the original judgment on March 19, 2013." See Opp'n at 11.

---

    [4] In his opposition, plaintiff contends that "[b]oth the defendants and the Court are judicially estopped for [*sic*] making an issue of [p]laintiff not alleging FDCPA violations in [the 2014 federal action]," seemingly on the ground that the Court dismissed plaintiff's FAC in the 2014 federal action without leave to amend, despite plaintiff's request for leave to file a second amended complaint. Opp'n at 11. However, plaintiff points to no specific request that he made in the 2014 federal action for leave to file an amended complaint asserting an FDCPA claim. Nor does the Court's independent review of the docket in the 2014 federal action reveal any instance in which plaintiff sought leave to assert an FDCPA claim. For example, plaintiff's oppositions to defendants' motions to dismiss the FAC in the 2014 federal action did not seek leave to amend in order to assert an FDCPA claim. See 2014 Federal Action, Dkts. 93, 94. In any event, *even if* the Court had denied plaintiff leave to assert an FDCPA claim in the 2014 federal action, any such denial—the propriety of which is currently on appeal—would not provide grounds for plaintiff to simply file an entirely new lawsuit asserting an FDCPA claim based upon the same transactional nucleus of facts underlying the dismissed 2014 federal action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

However, the Court of Appeal expressly noted that "Mir's argument that there is no longer an enforceable judgment is without merit." See Mir v. Iungerich & Spackman, 2015 WL 389634 at *4. As the court explained,

> [t]he judgment was timely renewed and the subsequent filing of a premature application to renew the judgment and entry of that requested renewed judgment *nunc pro tunc* did not invalidate the renewed judgment already in effect. Iungerich's initial application for renewal of the judgment was timely filed on February 14, 2013 within ten years of the entry of the original judgment on March 19, 2003 . . . [T]hat the court then improperly ordered Iungerich to file a new application for renewal of judgment and then entered yet another renewed judgment pursuant to that application, did not invalidate the previous properly renewed judgment. The Second Renewed Judgment was null and void . . . ***The operative renewed judgment remains the judgment entered by the court on May 31, 2013 when it partially granted the first motion to vacate and entered judgment in the reduced amount of $408,610.60***.

Id. (emphasis added).

Ultimately, the Court of Appeal's ruling does not change the character of defendants' conduct prior to plaintiff's filing of the 2014 federal action, nor does it give rise to any new facts that might alter the Court's claim preclusion analysis here—the Court of Appeal simply found that the trial court made a procedural error, not that *the parties* acted wrongfully in following the trial court's order. See id.

In short, there was nothing precluding plaintiff from raising an FDCPA claim, arising from the same set of facts alleged here, in either the original complaint or the FAC in the 2014 federal action. Accordingly, in light of the Court's dismissal of the 2014 federal action without leave to amend, the Court finds that plaintiff's FDCPA claim is barred by the doctrine of claim preclusion and is appropriately dismissed on this ground.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

### b.     Plaintiff's Claim under 42 U.S.C. § 1981

Plaintiff's second federal claim in this action alleges "intentional interference with contractual rights with breach of settlement agreement/judgment" under 42 U.S.C. § 1981. This claim is virtually identical to the "intentional interference with contractual rights (42 U.S.C. § 1981)" claim alleged as the first claim for relief in the FAC in plaintiff's 2014 federal action. In his opposition, plaintiff attempts to distinguish the two claims by asserting that the section 1981 claim in the 2014 federal action arises from the original retainer agreement with I&S, while the instant section 1981 claim arises from the settlement agreement and defendants' allegedly applying improper interest to the judgment from Mir v. I&S. Opp'n at 14. Again, however, both the settlement agreement and the judgment in Mir v. I&S existed long before plaintiff's filing of the 2014 federal action. In support of the instant section 1981 claim, the operative complaint here provides no material facts that occurred after the filing 2014 federal action.[5] See Compl. at 38-42.

Accordingly, plaintiff's federal civil rights claim is dismissed.

### B.     Supplemental Jurisdiction over Plaintiff's Remaining State Law Claims

In addition to his federal claims, plaintiff also asserts claims for (1) "judicial estoppel & accounting," seeking to prevent the defendants from taking inconsistent positions regarding the judgment; (2) violations of California's Rosenthal Fair Debt Collection Practices Act; (3) malicious prosecution for the filing of the *nunc pro tunc* judgment; and (4) intentional infliction of emotional distress, again based on defendants'

---

[5] Plaintiff also argues that he has consistently (both in this action and the 2014 federal action) pled discrimination based on *ethnicity*, while this Court in the 2014 federal action instead held that plaintiff failed to state a claim for discrimination based on *race*. Opp'n. at 16. This argument is unavailing. Regardless of the basis for the alleged discrimination in the 2014 federal action, as explained *supra*, (1) the instant suit arises out of the same nucleus of facts as the 2014 federal action, (2) the instant suit is asserted against the same defendants as those named in the 2014 federal action, and (3) the federal claims in the 2014 federal action were decided on the merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

collection efforts.  See Compl. at ¶¶ 34-46.  However, the Court here declines to exercise supplemental jurisdiction over plaintiff's state law claims—just as the Court did with its order dismissing plaintiff's 2014 federal action—and accordingly dismisses these claims without prejudice.

A district court may "decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(4).  The Supreme Court has advised that, absent another ground for federal subject matter jurisdiction, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); see also Hodge v. Mountain States Tel. & Tel. Co., 555 F.2d 254, 261 (9th Cir.1977) ("In light of our disposition of the federal claims, we feel that it is appropriate to remand the state law claims to the district court with instructions to dismiss for want of federal jurisdiction").

The Court has determined that plaintiff's federal claims against both defendants FRBC and I&S are barred by claim preclusion, and plaintiff's remaining claims for violations of the California Rosenthal Fair Debt Collection Act, judicial estoppel and accounting, malicious prosecution, and intentional infliction of emotional distress, are purely state law claims.  In addition, plaintiff acknowledges that he is a California resident and that both defendants are incorporated in California, such that diversity jurisdiction does not exist here.  Compl. at ¶¶ 3-9.

Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims, and dismisses those claims without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the **GRANTS** defendants' motion to dismiss.  With respect to plaintiff's federal claims, because "it is clear that the complaint could not be saved by amendment," Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008), the Court dismisses plaintiff's federal claims **WITH PREJUDICE**.  See also Vawter v. Bank of Am. NA, 108 F. Supp. 3d 719, 725 (D. Ariz. 2015) ("Where an action is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-04101-CAS(FFMx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | JEHAN ZEB MIR v. FRANDZEL, ROBIN, BLOOM, CSATO, LC, ET AL. | | |

dismissed on the basis of claim preclusion, any amendment is necessarily futile since curing this deficiency is, by definition, not possible.  Accordingly, because the Court dismisses Plaintiff's complaint on preclusion grounds, the dismissal is with prejudice."). The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims, and accordingly dismisses those claims without prejudice.

　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　00  :  00
　　　　　　　　　　　　　　　　　　Initials of Preparer　　　CMJ